PENDLETON (BENNETT v.). See Case No. 1,322.

# Case No. 10,920.

## PENDLETON v. EVANS.

[4 Wash. C. C. 336.] 1

Circuit Court, E. D. Pennsylvania. Oct. Term, 1823.

EQUITY—PRACTICE—RULING DEFENDANT TO ANSWER.

To entitle the plaintiff to take the bill pro confesso on account of an answer not being filed

1 [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

within three months after the day of appearance and bill filed, the defendant should have been ruled to answer, and the cause should be set down. The decree in this case is merely nisi, to be made absolute at the term succeeding that to which service of a copy of the decree shall be returned executed, unless cause is shown to the contrary.

[Cited in Stockton v. Throgmorton, Case No. 13,463. Quoted in Halderman v. Halderman, Id. 5,908; O'Haro v. MacCornell, 93 U. S. 152. Cited in Thomson v. Wooster, 114 U. S. 120, 5 Sup. Ct. 796; Schofield v. Horse Springs Cattle Co., 65 Fed. 436.]

[This was a proceeding by Pendleton against Oliver Evans' executors.]

WASHINGTON, Circuit Justice. This case comes before the court upon a motion to take the bill for confessed, the subpoena having been returned served upon Cadwallader Evans, one of the defendants, who has not appeared and filed his answer within three months after the day of appearance, and after the filing of the bill. It appears by an affidavit, that the other defendant resides out of this district, and has not been served with process. This is the first instance in which a motion of this kind has been made in this court, so far as I can recollect; and it is certainly the first, since the rules of practice for the government of the courts of the United States, when sitting in equity, were prescribed by the supreme court. According to the practice of the English court of chancery, a bill cannot be taken pro confesso, after service of the subpoena; and even after an appearance, until all the processes of contempt to a sequestration have been exhausted; after which the bill is taken pro confesso, and a decree passes, which is absolute in the first instance. I understand the practice of the chancery court of New York to be altogether different. There, it is not required that process of contempt should be issued after an appearance; but if the answer be not filed in time, an order is obtained from the chancellor (upon an application for that purpose) that the defendant file his answer within such a time after service of a copy of the order upon him as the chancellor may direct, or in default thereof, the bill to be taken pro confesso. If the defendant do not answer within the time limited by such order, a rule for taking the bill pro confesso may be entered, as of course, on affidavit filed of the service of a copy of the order; after which, the cause being set for hearing, an absolute decree passes. It should be observed, that, by the practice of the English court of chancery, the cause is set for hearing before the decree passes. The principle which governs the practice of both the courts spoken of is, that the defendant shall not be taken by surprise, but shall have sufficient warning before a decree is entered against him by default, the service of the order to answer in the one court being supposed to be equivalent to the process of contempt in the other, though preferable in my opinion, because less expensive, more effectual for

the intended purpose, and productive of less delay. These objects are perhaps still better attained by the practice now to be observed by the courts of the United States. If the answer, the subpœna being returned executed, be not filed within three months after the day of appearance and bill filed, the defendant is to be ruled to answer; and failing to do so, the bill may be taken for confessed, and the matter thereof decreed immediately; but this decree is only nisi, to be made absolute at the term succeeding that to which service of a copy of the decree shall be returned executed, unless cause to the contrary be shown. The rules do not require that the bill should be set down for hearing in order to the decree nisi being made; but as the court is, according to the English practice, to pronounce the decree, and not to permit the plaintiff to take such a decree as he is willing to abide by, there seems to be a propriety in removing the cause from the rule docket to that of the court, by setting down the cause for hearing. This will operate too as an additional notice to the defendant, without producing any additional delay. I hold it indispensable to the success of the application to take the bill for confessed, that the defendant should have been ruled to answer under the seventeenth rule of the court. This not having been done in the present case, and the cause not appearing upon the court docket as one set for hearing, the present motion is overruled.

[Subsequently plaintiff renewed his motion to take the bill for confessed. The motion was granted. Case No. 10,921.]